UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MONIQUE S.,[1]

                                                 Plaintiff,            Case # 20-CV-6919-FPG

v.                                                                           DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                Defendant.

## INTRODUCTION

Plaintiff Monique S. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits under Title II of the Social Security Act (the "Act") and Supplemental Security Income under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 13. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

In August 2017, Plaintiff applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 62-63. She alleged disability since June 4, 2015 due to the following conditions: bi-polar, schizophrenia, anxiety, and hearing voices. Tr. 74. In September 2019, Administrative

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 10.

1

Law Judge Susan Smith ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 9-30. On September 2, 2020, the Appeals Council denied Plaintiff's request for review. Tr. 1-6. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.     District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.    Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation

No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 4, 2015, the alleged onset date. Tr. 15. At step two, the ALJ found that Plaintiff had severe impairments of anxiety disorder, mood disorder, substance abuse, and back dysfunction. Tr. 15. At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. Tr. 15-17.

At step four, the ALJ determined that, "based on all of the impairments, including the substance use disorders," Plaintiff had the RFC to perform light work, except

> she is limited to simple, routine, repetitive tasks involving little change in work structure or routine; occasional contact with coworkers, supervisors, and the general public; no work in teams or tandem; low stress defined as no high production quotas or fast paced assembly work. She will be absent from work at least 4 days per month.

Tr. 17.

Next, at step five, the ALJ found, based upon Plaintiff's age, education, work experience, and RFC—which considered all of her impairments, including the substance use disorders—there

are no jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 20-21.

Pursuant to the SSA's regulations regarding drug or alcohol abuse ("DAA") the ALJ proceeded to consider the effect of Plaintiff's substance abuse on the disability finding. Tr. 17-30; *see* 42 U.S.C. §§ 423(c)(1)(A)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935.  The ALJ concluded that if Plaintiff stopped abusing substances she would continue to have severe impairments but that those impairments, alone or in combination, would not meet or medically equal any impairment in the Listings. Tr. 21-22

Next, the ALJ determined that if Plaintiff stopped abusing substances she would retain the RFC to perform the full range of work at all exertional levels but with nonexertional limitations. Tr. 22. Specifically, the ALJ found that Plaintiff could perform only simple, routine, repetitive tasks; could tolerate little change in work structure or routine; could only have occasional contact with coworkers, supervisors, and the public; could not work on teams or perform "tandem work"; and could perform only "low stress" work, meaning "no high production quotas or fast paced assembly work." *Id.*

At step four, the ALJ found that if Plaintiff stopped abusing substances she still would be incapable of performing her past relevant work. Tr. 29. At step five, the ALJ relied on the testimony of a vocational expert ("VE") and found that if Plaintiff stopped abusing substances she could adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 29-30. Specifically, the VE testified that Plaintiff could work as a housekeeper or a mailroom clerk. Tr. 29. Accordingly, the ALJ concluded that Plaintiff was not "disabled" under the Act. Tr. 30.

## II. Analysis

Plaintiff argues that remand is required because the ALJ erred when she determined that DAA was a material factor contributing to her disability. ECF No. 12-1, at 15-30. Specifically, Plaintiff asserts that the ALJ reached this conclusion based upon her lay opinion because two medical opinions indicate that Plaintiff's absence-related limitation was not attributable to DAA. *Id.*

A claimant is not considered disabled under the Act if DAA would "be a contributing factor material to the Commissioner's determination that the individual is disabled." *See* 42 U.S.C. §§ 423(c)(1)(A)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935. "When DAA is shown to be at issue in a claim, the ALJ must make a finding as to the materiality of DAA to the claimant's disability, and this finding must be supported by substantial evidence." *Straughter v. Comm'r of Soc. Sec.*, No. 12-CV-825 DAB DCF, 2015 WL 6115648, at *21 (S.D.N.Y. Oct. 16, 2015) (citing *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 126 (2d Cir. 2012)). This finding can be "based on the record as a whole" and "need not rely on any predictive opinions." *Id.* The materiality finding requires the ALJ to evaluate disability a second time to determine "whether the individual would still be disabled if he or she stopped using drugs or alcohol." *Cordero v. Astrue*, 574 F. Supp. 2d 373, 378 (S.D.N.Y.2008) (citing 20 C.F.R. § 416.935(b)(2)); *see also* 20 C.F.R. § 404.1535(b)(2). It is the plaintiff's burden to establish that DAA is immaterial to the disability determination. *See Cage*, 692 F.3d at 123; S.S.R. 13-2p, 2013 WL 621536, at *4.

Here, the ALJ concluded that Plaintiff's "limitation to missing more than 4 days of work per month is not consistent with [Plaintiff's] good ability to attend regular treatment when not using substances." Tr. 29. In doing, the ALJ acknowledged that Plaintiff attributed her attendance

issues to "depression and poor memory." Tr. 23. He also noted two key medical opinions regarding Plaintiff's absenteeism.

First, the medical source opinion of Jonathan Lin, M.D., dated May 22, 2019. Dr. Lin opined that Plaintiff would likely be absent from work more than four days per month as a result of her impairments or treatment. Tr. 1303. The ALJ found Dr. Lin's opinion to be only "partially persuasive" because Plaintiff demonstrated ability to attend treatment during periods of abstinence. Tr. 19, 29. Dr. Lin's opinion was silent on whether, in his opinion, Plaintiff would miss more than 4 days of work per month if she abstained from substances. *See* Tr. 1303.

The ALJ also considered the opinion of Eve Andersen-Beuescher, N.P, dated May 21, 2019. Like Dr. Lin, Nurse Andersen-Beuescher opined that Plaintiff's impairments or treatment would cause her to be absent from work more than four days per month. Tr. 1079. The ALJ found her opinion only "partially persuasive." In doing so, the ALJ reasoned that, while Nurse Andersen-Beuescher's finding regarding the "frequency of absences from work is consistent with [Plaintiff's] inability to maintain regular treatment visits when relapsing on substances," "[i]t is not well supported as it accounts for [Plaintiff's] substance disorders without noting how she functions or would function without substances." Tr. 19, 28. This reasoning is problematic. Nurse Andersen-Beuescher did indeed consider whether Plaintiff's limitations would hold true *without* substances. She specifically marked "Yes" as a response to the following question on her medical source opinion form: "If your patient's impairments include alcohol or substance abuse would their impairments shown above still exist if they abstained from drugs and or alcohol." Tr. 1079.

In DAA cases "evidence from a period of abstinence is the best evidence for determining whether a physical impairment(s) would improve to the point of nondisability." S.S.R. 13-2p, 2013 WL 621536, at *8. Thus, proper consideration of this opinion was crucial because Nurse

6

Andersen-Beuescher specifically indicated that Plaintiff's limitations, including her ability to regularly attend work, would be present during a period of abstinence. *See* Tr. 1079. This is especially true because the ALJ rejected the other medical opinion rendered that discussed Plaintiff's attendance limitation. *See* Tr. 29 (citing Tr. 1303). Moreover, it is very favorable to Plaintiff that Nurse Andersen-Beuescher found her unable to work during a period of abstinence as this contradicts the ALJ's finding that Plaintiff's substance abuse was a material factor contributing to her disability.

Importantly, Nurse Andersen-Beuescher's opinion includes a handwritten notation that the ALJ does not discuss which states: "NP Note: Patient is currently enrolled in Substance Use Disorder Treatment & limited mental health treatment as she only minimally attends these appointments." Tr. 1079.

For the reasons stated, the Court finds that the ALJ erred by improperly evaluating Nurse Andersen-Beuescher's opinion. Based on her evaluation, and mischaracterization, of this opinion, and based upon the record as a whole, the Court cannot conclude that the ALJ's DAA finding is supported by substantial evidence. *See Wilson v. Colvin*, 213 F. Supp. 3d 478, 491 (W.D.N.Y. 2016) (discussing an ALJ's duty not to mischaracterize the record). Accordingly, remand is required.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 13, is DENIED and Plaintiff's Motion for Judgment on the Pleadings, ECF No. 12, is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 22, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York